rest in question was illegal. What we have heretofore said disposes of this contention.

 Bills of exception Nos. 4 and 5 relate to requested charges on the law of principals. We construe each to be a converse of the court's charge on principals. The court had properly required the jury to find that appellant's assault was made with the knowledge of the unlawful intent of his brother. No error is reflected by the bills.

Bill of exception No. 6 is predicated upon appellant's contention that he could not be guilty of the offense charged, because he did not fire the pistol which inflicted the injury. Such a contention overlooks the law of principals. See Martinez v. State, 142 Tex.Cr.R. 313, 152 S.W.2d 369.

Finding no reversible error, the judgment of the trial court is affirmed.

Morris Bogdanow, Houston, for appellant.

William H. Scott, Crim. Dist. Atty., and King C. Haynie, Asst. Dist. Atty., Houston, Wesley Dice, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is carrying a pistol; the punishment, six months in jail.

The record is before us without a statement of facts or bills of exception.

All the proceedings appearing regular and nothing being presented for our review, the judgment of the trial court is affirmed.